UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DANIEL DOKEY
on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

SPANCRETE, INC.,

       Defendant.

Case No. 19-cv-921

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiff, Daniel Dokey, on behalf of himself and all others similarly-situated, and Defendant, Spancrete, Inc., jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF Nos. 77-1, 78.)

Accordingly, the parties request that the Court:

1.    Certify, for purposes of settlement, the Wisconsin Wage Payment and Collection Laws ("WWPCL") Class pursuant to FED. R. CIV. P. 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA") Collective pursuant to 29 U.S.C. § 216(b);

2.    Appoint Dokey as Class Representative for the WWPCL Class and the FLSA Collective;

1

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the WWPCL Class and the FLSA Collective;

4. Approve the parties' settlement under the Wisconsin Wage Payment and Collection Laws ("WWPCL") as fair, reasonable, and adequate pursuant to Rule 23;

5. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act ("FLSA") Collective pursuant to 29 U.S.C. § 216(b);

6. Approve the settlement payment of $16,951.66 to the members of the WWPCL Class and the FLSA Collective (collectively, the "Settlement Class");

7. Approve a setoff in the amount of $16,951.66 which constitutes the amount paid by Defendant to the Settlement Class during the pendency of this litigation;

8. Declare that Defendant shall cease and desist its practice of failing to include the Op-Ex Bonuses, or any other form of non-discretionary compensation, in the regular rate of pay of non-exempt, hourly-paid employees

9. Grant Plaintiff's unopposed request for approval of its attorneys' fees and case-related costs and expenses in the amount of $60,000.00, which the parties have stipulated and agreed are reasonable;

10. Grant Plaintiff's unopposed request for approval of his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

11. Dismiss with prejudice the Settlement Class members' released claims;

12. Dismiss without prejudice the WWPCL Claims of the single putative member of the WWPCL Class who properly and timely excluded himself from the WWPCL Class in full accordance with the procedures set forth in the Agreement and this Court's prior orders (*see* ECF No. 79); and

13. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in the Agreement and this Court's prior orders.

**SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On November 13, 2019, Plaintiff filed Plaintiff's Motion for Conditional Certification and Authorization of Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b). This Court granted the same on January 8, 2020. (ECF No. 23.) Thereafter, eight (8) individuals filed their consent to join forms with this Court. (ECF Nos. 24-28.)

During the opt-in period, Defendant conducted an internal audit of its pay practices, and, as a result of that audit, paid to the one hundred and fifty-two (152) putative class and collective members the aggregate amount of $16,951.66 which it believed constituted the full amount of unpaid wages due and owing as alleged by Plaintiff in his *Complaint*.

On March 18, 2020, Plaintiff filed Plaintiff's Motion for Class Certification Pursuant to Rule 23 of the Federal Rules of Civil Procedure (ECF No. 34) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 35). Ultimately this Court's Order (ECF No. 73) granted Plaintiff's motion for class certification (ECF No. 34). On March 20, 2020, Defendant filed Defendant's Motion for Summary Judgment arguing that its payment of past due wages mooted the present case. On February 12, 2021, this Court granted Plaintiff's motions and denied Defendant's Motion for Summary Judgment concluding that damages "are very much in dispute" and that "there is a genuine dispute as to whether the Op-Ex Bonus was the only nondiscretionary bonus that Defendant offered." (ECF No. 73, pp. 17-18.)

This Court approved certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et*

*seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All hourly-paid, non-exempt employees who are or have been employed by Defendant at its Valders, Wisconsin facility within the two (2) years immediately prior to the filing of the Complaint (ECF No. 1) and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

("Class Members") (*See* ECF No. 73.)

Following the Court's Order, the Parties engaged in settlement dialogue via their respective counsel. On April 1, 2021, the parties reached a settlement agreement in principle. On July 20, 2021, the parties finalized their Agreement and submitted the same to this Court for preliminary approval. (ECF No. 77.)

On August 18, 2021, the parties filed their Joint Motion for Preliminary Approval of Class and Collective Action Settlement, (ECF No. 77), and their fully executed "Settlement Agreement and Release." (ECF No. 77-1.) On October 21, 2021, the parties filed their "Amendment to Settlement Agreement and Release" to correct minor scrivener's errors in the original agreement. (ECF No. 78.)

Having already approved this action as a class action, for settlement purposes only, the parties also sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All hourly-paid, non-exempt employees who are or have been employed by Defendant at its Valders, Wisconsin facility within the two (2) years immediately prior to the filing of the Complaint (ECF No. 1) and who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

("Collective Members") (*See* ECF No. 77-1 § 1.2, 1.22.)

On November 4, 2021, this Court preliminarily approved the parties' settlement. (ECF No. 79.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which was attached to the Settlement Agreement (ECF No. 78, pp. 3-8.);

(3) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(4) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class;`

(5) Scheduled a Fairness Hearing for February 4, 2022 at 10:30 a.m.

On November 20, 2021, Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 17.) WWPCL Class members had thirty (30) calendar days after November 20, 2021– or until December 20, 2021 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, one (1) individual chose to opt-out of the WWPCL Class. (*Id.*; *see also* ECF No 83-1)

In total, there are one hundred and fifty-one (151) individuals who are WWPCL Class members, including Plaintiff. (ECF No. 77-1; Potteiger Decl., ¶ 17.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (Potteiger Decl., ¶ 23.)

## DISCUSSION

I. **FINAL SETTLEMENT APPROVAL STANDARD**

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the

5

court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes remaining on class liability, damages, and mootness. The ultimate resolution of this matter was reached with arm's length settlement

negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 9-15.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding class damages and the propriety of trial given the amount remaining in controversy following Defendant's payment of $16,951.66 to putative class and collective members during the pendency of the case which it believed constituted the full amount of unpaid wages due and owing as alleged by Plaintiff in his Complaint. (Potteiger Decl., ¶¶ 12-13.) The parties discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id*.) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 77-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed Plaintiff's claims against Defendant under the FLSA and the WWPCL which culminated in this Court granting his motions for class certification and partial summary judgment. (Potteiger Decl., ¶ 10.) Plaintiff maintains a strong belief in his position on liability and damages, but he also recognizes the weaknesses and potential issues on which he would be required to prevail if the case proceeded to trial, including: establishing that Defendant had a uniform policy in practice which failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; the WWPCL Class and the FLSA Collective have demonstrable damages, that Defendant did not act in good faith, and that Defendant willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*. at ¶ 14.)

Considering the number of issues faced, Plaintiff recognized that the prospect of

expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark in final trial preparations immediately before settlement that would have required significant investment from all parties and their counsel before trial. Even if Dokey were to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id*.)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Dokey and the Settlement Class in that the Settlement Class has not only received the vast majority of unpaid wages alleged due and owing, but the Court will enter a judgment in Plaintiff's favor requiring Defendant to align its overtime compensation policies with the WWPCL and FLSA. (ECF No. 77-1; Potteiger Decl., ¶ 13.)

The parties each performed independent calculations regarding unpaid wages due and owing to each member of the Settlement Class by recalculating their regular rates of pay for overtime compensation purposes. (*Id.* at ¶ 12.) The result of Defendant's internal audit resulted in Defendant paying $16,951.66 to putative members of the Settlement Class during the pendency of this litigation. Although Plaintiff's damages calculations differed the amount remaining in controversy was less than $1,000.00. (*Id*.) As a result, Settlement Class members have received approximately ninety-five percent (95%) of all past due wages and statutory wage penalties to which they are potentially entitled. (*Id.*) Thus, the overall balance supports approval of settlement. In addition, *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir.

8

Case 2:19-cv-00921-JPS    Filed 01/14/22    Page 8 of 11    Document 84

2006).

The settlement will provide Dokey and the Settlement Class with a significant recovery while eliminating the risks and costs to both Dokey and Defendant would bear if this litigation continued to a decision on the merits. (Potteiger Decl., ¶ 14.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 23.)

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides for Plaintiff's counsel attorneys' fees and case-related costs and expenses. (ECF No. 77-1, ¶ 3.2(A).) The amount requested represents a significant reduction of counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter, including costs, to date and through the Fairness Hearing and the ultimate resolution of this matter. (Potteiger Decl., ¶ 21.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff has filed a Motion for Approval of Plaintiff's Service Award and Petition for Approval of Attorneys' Fees and Costs, contemporaneously herewith, and Defendant has agreed

not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 77-1.)

## **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court:

1. Approve the parties' settlement as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e);

2. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. Approve the settlement payment of $16,951.66 to the members of the WWPCL Class and the FLSA Collective (collectively, the "Settlement Class");

4. Approve a setoff in the amount of $16,951.66 which constitutes the amount paid by Defendant to the Settlement Class during the pendency of this litigation;

5. Declare that Defendant shall cease and desist its practice of failing to include the Op-Ex Bonuses, or any other form of non-discretionary compensation, in the regular rate of pay of non-exempt, hourly-paid employees.

6. Grant Plaintiff's unopposed request for approval of his attorneys' fees and case-related costs and expenses in the amount of $60,000.00, which the parties have stipulated and agreed are reasonable;

7. Grant Plaintiff's unopposed request for approval his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

8. Dismiss with prejudice the Settlement Class members' released claims; and

9. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in this Agreement.

10. Dismiss without prejudice the WWPCL Claims of the putative member of the WWPCL Class who properly and timely excluded himself from the WWPCL Class in full accordance with the procedures set forth in the Agreement and this Court's prior orders; and

Dated this 14th day of January, 2022

| | |
|---|---|
| s/ *David M. Potteiger* <br> James A. Walcheske, SBN 1065635 <br> Scott S. Luzi, SBN 1067405 <br> David M. Potteiger, SBN 1067009 <br><br> Walcheske & Luzi, LLC <br> 235 N. Executive Dr., Suite 240 <br> Brookfield, Wisconsin 53005 <br> Telephone: (262) 780-1953 <br><br> Email: jwalcheske@walcheskeluzi.com <br> Email: sluzi@walcheskeluzi.com <br> Email: dpotteiger@walcheskeluzi.com | s/ *Tony H. McGrath* <br> Tony H. McGrath, SBN 1042806 <br><br><br><br> Jackson Lewis P.C. <br> 22 East Mifflin Street, Suite 800 <br> Madison, Wisconsin 53703 <br> Telephone: (608) 807-5274 <br><br> Email: tony.mcgrath@jacksonlewis.com |